IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY D. HILL | : | |
| | : | Case No. 4:05-CV-1229 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| EVELYN DERRICK, | : | |
| RICHARD SUTTON, | : | |
| JANE STUGART-OTTERBEIN, | : | |
| AND LORI CRESSMAN, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

November 3, 2005

**BACKGROUND:**

On June 20, 2005, plaintiff Jeffrey D. Hill, commenced the instant litigation by filing pro se a complaint in the Middle District of Pennsylvania. The complaint obtusely alleges that defendants violated a variety of state and federal laws and is captioned "CIVIL RIGHTS - RACKETEERING - OFFICIAL OPPRESSION COMPLAINT." The complaint arises out of a July 21, 2003 incident involving Hill at the Muncy Public Library. Apparently Hill was involved in an altercation with two teenage patrons who were harassing a "deaf mute." Muncy Police Chief Richard Sutton was called to investigate the incident. As a result of the incident Hill

was banned from the Muncy Public Library. Hill asserts, among other things, that the defendants conspired to violate, and ultimately violated his constitutional and civil rights to "assemble at the Muncy Public Library and without due process." (Rec. Doc. No. 1, at 6, ¶ 26.) Hill seeks compensatory and punitive damages, as well as injunctive relief.

On September 20, 2005, defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the following reasons we will grant defendants' motion to dismiss in part. Because we find that the library employees may be state actors and that Hill's allegations may warrant relief we will allow section 1983 claims to proceed against defendants Derrick and Cressman.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court

considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Id. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  Id. at 327.

## II. Relevant Facts

Hill was involved in an incident at the Muncy Public Library on July 21, 2003.  Muncy Police Chief Richard Sutton was called to investigate.  As a result of the incident Hill was banned from the library.  Evelyn Derrick, President of the Board of Trustees of the Muncy Public Library, conveyed the ban to Hill by a two-

sentence letter dated July 21, 2003.  Also on July 21, 2003, librarian Lori Cressman orally informed Hill of the ban.  Cressman was working at the library when the incident occurred with co-defendant Jane Stugart-Otterbein, another librarian.

### III.  Muncy Public Library Employees May Be Acting Under Color of State Law and May Have Violated Hill's Constitutional Rights

The complaint relies implicitly on  42 U.S.C. § 1983 as the vehicle for relief from the alleged violations of plaintiff's constitutional and civil rights.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . .  subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

In order for a plaintiff to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (citing Parratt v. Taylor, 451

U.S. 527, 534 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)).

Plaintiff has obtusely asserted constitutional and civil rights violations against three private individuals based on their conduct relative to their positions at the Muncy Public Library, a private non-profit literary and educational institution. The allegations in Hill's complaint, liberally construed in light of Haines v. Kerner, 404 U.S. 519, 520-21 (1972), may state a cognizable claim for relief from violations of the First and Fourteenth Amendments.[1] See, e.g., Kreimer v. Bureau of Police for Town of Morristown, 958 F.2d 1242 (3d Cir. 1992) (homeless man challenged constitutionality of city library rules under the First Amendment where New Jersey legislature vests authority in the public library to enforce "proper rules and regulations for the government of the library and generally do all things necessary and proper to the establishment and maintenance" of the library, and the rules at issue were instituted and enforced pursuant to that vested authority); 24 Pa. C.S.A. § 4415. Therefore, we agree with defendants that the success of their instant motion to dismiss depends on the state action prong of section 1983.

As defendants correctly note, under limited circumstances a private actor

---

[1] Though difficult to decipher, plaintiff asserts that his banishment violated his First Amendment right to assemble at the library and that the procedure which the library used to banish Hill violated Fourteenth Amendment procedural due process.

may be considered as "acting under the color of state law" for purposes of 42 U.S.C. § 1983. The defendants cite <u>Hollenbaugh v. Carnegie Free Library</u>, 545 F.2d 382 (3d Cir. 1976), for the proposition that it cannot be said that the "operation of a library constitutes private performance of a function traditionally associated with sovereignty." <u>Id.</u> at 383. However, in <u>Hollenbaugh</u>, the Third Circuit held that the Commonwealth of Pennsylvania's involvement with a public library was significant enough to find that the state was a joint participant with the library. The court applied a nexus test to determine whether the library could be considered a state actor. As part of that test, the court weighed a series of factors including the percentage of the library's funds which came from state and local government financing, and the number of the library's trustees appointed by governmental bodies. <u>Id.</u> at 384.

The district court in <u>Hollenbaugh</u> decided at the summary judgment stage that the library was not acting under color of state law, and that decision was ultimately reversed. We have no basis to determine at this early stage in the litigation that the Muncy Public Librarians were not acting under color of state law when they banned Hill from the library. Of course this does not preclude defendants from coming forward with evidence that distinguishes the Muncy Public Library from <u>Hollenbaugh's</u> Carnegie Free Library.

We will only allow Hill to proceed with a section 1983 claim alleging deprivation of his First Amendment right to assemble and Fourteenth Amendment right to procedural due process against defendants Derrick and Cressman. They are the only parties alleged in the complaint to have communicated to Hill that he was banished from the library.

### IV.  No Ostensible 42 U.S.C. § 1983 Claim Against Richard Sutton

Hill asserts that Muncy Police Chief Richard Sutton "deliberately refused to conduct a competent, complete investigation" of the incident at the library. (Rec. Doc. No. 1, at 3, ¶ 10.)[2] More specifically, Hill states that Sutton deliberately failed to include details about the misconduct of the teenagers involved in the July 21, 2003 incident in his police report. The Third Circuit has held that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." Graw v. Fantasky, 68 Fed.Appx. 378, 383 (3d Cir. 2003) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)). Any alleged failure on the part of Sutton relates solely to the adequacy of his investigation of the incident. Hill's allegations that Sutton was part of a larger conspiracy are conclusory. Therefore, plaintiff cannot

---

[2]Hill also asserts that Sutton directed his subordinates to arrest Hill. Hill was not arrested and criminal charges were not filed against him.

state a legally cognizable claim under section 1983 against defendant Richard Sutton.

## V. Other Claims

Hill refers to a variety of laws in his complaint including: (1) Conspiracy; (2) Official Oppression, 18 Pa. C.S.A. § 5301; (3) "Racketeering", 18 U.S.C. § 1961 et seq.. As we have already noted, Hill's conspiracy allegations are conclusory, and we are convinced that any leave to amend that claim would be futile.

Hill's state law claim of official oppression fails because there is no implied private cause of action under that provision of the Pennsylvania Criminal Code. D'Errico v. DeFazio, 763 A.2d 424, 429-30 (Pa. Super. Ct. 2000); see also Agresta v. Goode, 797 F. Supp. 399, 410 (E.D. Pa. 1992) (Pollak, J.).

Finally, Hill's civil RICO claim is dismissed, as he has not alleged facts that satisfy any of the requisite elements necessary to demonstrate a violation of RICO, see, e.g., Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1165 (3d Cir. 1989), and it would be futile for us to provide him leave to amend.

## VI.  Res Judicata and/or Collateral Estoppel Do Not Bar Hill's Section 1983 Claim Against Derrick

Finally, defendant contends that "res judicata" bars the instant action against defendant Derrick. Plaintiff previously filed a lawsuit regarding the incident in the

Court of Common Pleas of Lycoming County.  Derrick was the only named defendant in that suit.  That complaint emphasized Hill's RICO claim instead of his constitutional and civil rights claims.  On April 16, 2004, the state court denied Hill's motion for leave to proceed in forma pauperis and simultaneously dismissed his complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j).  Defendant's argument as to the preclusive effect of this earlier judgment on plaintiff's constitutional and civil rights claims, which were asserted in Hill's first complaint, should be based on collateral estoppel, and not res judicata.[3]

The federal full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to "give preclusive effect to State court judgments whenever the courts of the State from which the judgments emerged would do so."  Allen v. McCurry, 449 U.S. 90, 96 (1980); Delaware River Port Authority v. Fraternal Order of Police, 290 F.3d 567, 572 (3d Cir. 2002).  The issue we must decide then is whether the Court of Common Pleas decision to dismiss Hill's prior complaint as frivolous bars the

---

[3]The doctrine of res judicata is commonly referred to as claim preclusion.  "Claim preclusion 'gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised.'" Witkowski v. Welch, 173 F.3d 192, 199 n.8 (3d Cir. 1999).  Res judicata is commonly confused with collateral estoppel, which is known as issue preclusion.  Id.  Issue preclusion "prevents parties from litigating again the same issues when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties and their privies."  Id. at 198 (citations omitted) (emphasis added).

instant section 1983 civil rights action against defendant Derrick. "A federal court looks to the law of the adjudicating state to determine its preclusive effect." Delaware River Port Authority, 290 F.3d at 573 (citing Greenleaf v. Garlock, Inc., 174 F.3d 352, 357 (3d Cir. 1999)).

Under Pennsylvania law the following four elements must be present to bar a potential claim under the doctrine of collateral estoppel: (1) the issue decided in the prior adjudication must be identical with the one presented in the later action; (2) there must have been a final judgment on the merits; (3) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication. Witkowski v. Welch, 173 F.3d 192, 199 (3d Cir. 1999). Defendant has noted that the issue of whether a dismissal of a complaint pursuant to 240(j) as frivolous constitutes a decision on the merits has not been decided by the courts of Pennsylvania. See McGriff v. Vidorich, 699 A.2d 797, 798 n.1 (Pa. Commw. Ct. 1997). Because the law of Pennsylvania is not clear on whether dismissal of a complaint as frivolous constitutes a decision on the merits, and we find that Hill may have a cognizable claim under the First and Fourteenth Amendments, we will not preclude the instant action on the basis of either res judicata or collateral

10

estoppel. We believe Hill deserves a full and fair opportunity to litigate his constitutional claims on the merits against defendant Derrick and Cressman with regard to his banishment from the Muncy Public Library.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY D. HILL | : | |
| | : | Case No. 4:05-CV-1229 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| EVELYN DERRICK, | : | |
| RICHARD SUTTON, | : | |
| JANE STUGART-OTTERBEIN, | : | |
| AND LORI CRESSMAN, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

November 3, 2005

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss is granted in part. (Rec. Doc. No. 9.)

2. All claims against defendants Sutton and Stugart-Otterbein are dismissed for failure to state a claim upon which relief can be granted.

3. Plaintiff's conspiracy, official corruption, and RICO claims are dismissed for failure to state a claim upon which relief can be granted.

4. Only Plaintiff's section 1983 claims, alleging violations of his First and Fourteenth Amendment rights, against defendants Derrick and Cressman remain, to

which defendants Derrick and Cressman shall file an answer within twenty (20) days.

                                                                            s/ James F. McClure, Jr.  
                                                                            James F. McClure, Jr.  
                                                                            United States District Judge