IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY D. HILL | : | |
| | : | Case No. 4:05-CV-1229 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| EVELYN DERRICK, | : | |
| RICHARD SUTTON, | : | |
| JANE STUGART-OTTERBEIN, | : | |
| AND LORI CRESSMAN, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

November 3, 2005

**BACKGROUND:**

On June 20, 2005, plaintiff Jeffrey D. Hill, commenced the instant litigation by filing a pro se complaint in the Middle District of Pennsylvania. The complaint arises out of plaintiff's banishment from the Muncy Public Library. By separate order entered today, we granted defendants' motion to dismiss in part, but allowed plaintiff's section 1983 claims, liberally construed as alleging violations of the First and Fourteenth Amendments, to remain against defendants Derrick and Cressman. On September 22, 2005, while defendants' motion was pending before this court, and not yet ripe for our decision, plaintiff, who is proceeding pro se, filed a motion

for summary judgment. Hill's motion for summary judgment argues that defendant's motion to dismiss constitutes an admission and that therefore he is entitled to summary judgment in his favor. For the following reasons we will deny plaintiff's motion for summary judgment, without prejudice.

**DISCUSSION:**

## I. LEGAL STANDARD

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## II. DISCUSSION

Plaintiff's core grievance is his banishment from the Muncy Public Library. Hill's motion for summary judgment is premature, as the parties are not done filing their pleadings, and discovery has not commenced. Hill has attempted to use defendant's motion to dismiss as grounds for summary judgment. The legal posture of a motion to dismiss requires the court to consider all of the allegations in the complaint as if they were true. At the summary judgment stage, however, the moving party must come forward with uncontroverted admissible evidence that

demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  The court will set a summary judgment deadline in a forthcoming scheduling order.  At that time, Hill may again file a motion for summary judgment.  We remind the litigants of Local Rule 56.1's requirement that a motion for summary judgment be accompanied by a concise statement of material facts that is supported with citations to the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Plaintiff's motion for summary judgment is denied, without prejudice.  (Rec. Doc. No. 10.)


   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge