IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. HILL, | : |
| | :     Case No. 4:05-CV-1229 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| EVELYN DERRICK, | : |
| RICHARD SUTTON, | :     (Judge McClure) |
| JANE STUGART-OTTERBEIN, | : |
| AND LORI CRESSMAN, | : |
| | : |
| Defendants. | : |

**O R D E R**

January 10, 2006

**BACKGROUND:**

On June 20, 2005, plaintiff Jeffrey D. Hill commenced the instant litigation by filing a pro se complaint in the Middle District of Pennsylvania. The complaint arises out of plaintiff's banishment from the Muncy Public Library. On November 3, 2005, we granted defendants' motion to dismiss in part, but allowed plaintiff's section 1983 claims, liberally construed as alleging violations of the First and Fourteenth Amendments, to remain against defendants Derrick and Cressman. (Rec. Doc. No. 20.)

On November 22, 2005, defendants Derrick and Cressman answered the

complaint. Over the next several weeks plaintiff filed a litany of motions, all of which lack supporting briefs as contemplated by Fed. R. Civ. P. Rule 7(b)(1) and M.D. Pa. Local Rule 7.5. Under the Local Rule Hill's failure to file a timely brief deems those motions withdrawn. As Hill is proceeding pro se we will also address why Hill's motions have no merit. Finally, we note that Hill is an experienced litigator in the courts of Pennsylvania and this district and that he must adhere to the Federal Rules of Civil Procedure as well as the Middle District of Pennsylvania's Local Rules.

### I. Hill's November 28, 2005 Motion for Summary Judgment

On November 28, 2005, Hill filed a motion for summary judgment without a brief in support and without a separate statement of material facts. In his motion Hill asserts that the defendants' answer serves as a basis for summary judgment and makes several conclusory allegations. Unfortunately Hill has also chosen to use his motion to vitriolically attack the defendants and the court. In our November 3, 2005 order we denied an earlier motion for summary judgment filed by Hill. In that order we reminded the litigants of their obligation to file a separate statement of material facts under Local Rule 56.1 (Rec. Doc. No. 21, at 3); Hill has not filed a separate statement with his motion.

In the closing paragraph of his motion Hill baldly states that "I'm entitled to

summary judgment by law or a 12 member jury trial ASAP." (Rec. Doc. No. 25, at 12.) As we noted in our November 3, 2005 order "[a]t the summary judgment stage . . . the moving party must come forward with uncontroverted admissible evidence that demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Rec. Doc. No. 21, at 2-3.) We deny Hill's motion for summary judgment because he has failed to file a brief in support and it is therefore deemed withdrawn. We also note that he failed to file a separate statement of material facts pursuant to M.D. Pa. Local Rule 56.1. Finally, we note that Hill's motion fails on the merits because it is supported only by the repeated assertion that defense counsel is a perjurer because of the affirmative defenses he raised in his November 22, 2005 answer.

## II. Hill's December 6, 2005 Motion for Default Judgment

On December 6, 2005, Hill filed a motion for default judgment (Rec. Doc. No. 28) and a "Request for Default Judgment by the Court (Notice of Motion for Default Judgment)" (Rec. Doc. No. 27). Hill has not filed a brief in support of his motion. Hill asserts that he is entitled to entry of default because at that time the defendants had not responded to his discovery requests, see discussion infra, and

the defendants had failed to file a "responsive" pleading to his complaint.[1]  (Rec. Doc. No. 27.)

Hill is not entitled to a default judgment under Fed. R. Civ. P. 55(b)(2).  As we have already noted, Hill has failed to file a brief in support his motion and it will therefore be withdrawn.  Furthermore, on the merits we note that defendants did file an answer and at the time Hill had filed his motion for default judgment the defendants had answered his discovery requests through the mail.  (Defs. Mot. Strike, Rec. Doc. No. 29, Ex. A.)  We also agree with defendants that Hill failed to comply with M.D. Pa. Local Rule 26.3 by failing to confer with opposing counsel in a good faith effort to resolve the discovery issue before resorting to the courts.  Furthermore, for the reasons set forth in defendants' brief in support of their motion to strike, Hill miscalculated when the defendants' discovery responses were due under the Federal Rules of Civil Procedure.  (Rec. Doc. No. 32.)

### III.  Hill's December 6, 2005 Motion to Compel Discovery

Contemporaneously with his motion for default judgment Hill filed a motion to compel discovery.  As with his other motions, Hill has failed to file a brief in

---

[1] Defendants filed an answer to Hill's complaint on November 22, 2005; the court interprets Hills' use of the quotation marks as a characterization of the contents of their answer.

4

support of his motion to compel. Nevertheless, as indicated above, the motion which was premature when filed, is now moot because defendants mailed their responses on December 5, 2005. (Rec. Doc. No. 29, Ex. A.)

**IV. Hill's December 14, 2005 Motion for Reconsideration of Our November 3, 2005 Order Dismissing Defendant Jane Stugart-Otterbein**

On December 14, 2005, Hill filed a motion for reconsideration of our November 3, 2005 order. Hill has not filed a brief in support. In his motion Hill unfortunately asserts that we have a history of abusing our discretion in cases involving him and that we are intellectually dishonest. Hill baldly states that it was clearly erroneous for us to dismiss defendant Stugart-Otterbein as a defendant in our November 3, 2005 order.

In our November 3, 2005 order we stated:

> We will only allow Hill to proceed with a section 1983 claim alleging deprivation of his First Amendment right to assemble and Fourteenth Amendment right to procedural due process against defendants Derrick and Cressman. They are the only parties alleged in the complaint to have communicated to Hill that he was banished from the library.

(Rec. Doc. No. 20, at 7.)

As we noted in our November 3, 2005 order, according to the complaint, Evelyn Derrick, President of the Board of Trustees of the Muncy Public Library, conveyed

5

Hill's banishment from the Muncy Public Library by a two-sentence letter dated July 21, 2003. Also according to the complaint, on July 21, 2003, librarian Lori Cressman orally informed Hill of the ban. Cressman was working at the library when the incident occurred with co-defendant Jane Stugart-Otterbein, another librarian. As we have only allowed Hill's section 1983 claim regarding his banishment from the library to survive there is no basis for Stugart-Otterbein to remain in the action.

In the instant motion, Hill repeatedly asserts that Stugart-Otterbein failed to act as a reasonable librarian, was derelict from her duties as a librarian in handling teenagers on the day of the incident, and was contributorily negligent because she was also on duty and had more experience than Cressman. Hill only alleges that Stugart-Otterbein was present when Cressman informed him of his banishment from the library. This is insufficient for a section 1983 claim to survive against Stugart-Otterbein. See Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988)) (noting that under section 1983 defendant must have personal involvement in alleged constitutional violation). Hill's motion for reconsideration was filed without a supporting brief and therefore is deemed withdrawn. However, we note that even if we were to consider the motion on the merits it would be denied.

## V. Hill's December 16, 2005 Motion to Compel Interrogatory Responses

On December 16, 2005, Hill filed a motion to compel certain interrogatory responses from the defendants and requested sanctions. Hill never filed a brief in support of this motion and therefore under the local rules it is deemed withdrawn. Even if we were to consider the motion on the merits Hill loses. Hill asserts that defendant Derrick refused to answer interrogatories 3, 4, and 12. Derrick, however, answered interrogatories 3 and 4. It appears that Hill doubts the veracity of Derrick's responses, but nevertheless those are her responses. As to interrogatory 12, which asks whether Derrick belongs to the Eastern Star Masonic group, we agree with defendants that the question is irrelevant and is not calculated to lead to the discovery of admissible evidence, and therefore Derrick need not answer it.

## VI. Hill's December 27, 2005 Motion for "Sanctions for Defendants' Refusal to Answer Plaintiff's 12-5-05 2nd Set of Interrogatories"

On December 27, 2005, Hill filed a motion for sanctions against the defendants for their failure to provide certain answers to interrogatories regarding the library cards of teenagers involved in the July 21, 2003 incident with Hill because defendants assert the information is confidential and privileged. The defendants also assert that the interrogatory seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Hill has not

7

filed a brief in support and therefore his motion is deemed withdrawn under the local rules. However, we note that we agree with defendants that the information Hill seeks is not necessary to address whether his library privileges were taken away from him in violation of his constitutional rights. Whether the defendants properly handled the conduct of other patrons is not relevant to whether Hill lost his library privileges without due process.

**VII. Hill's January 5, 2006 "Motion to Levy Sanctions for Defendants' Perjured 1-3-06 Admission Responses," January 6, 2006 "Motion to Compel Production of Documents or Declare Default Judgment for Defense Counsel Misconduct," and January 9, 2006 "Motion to Levy Sanction against Defendants for Unlawfully Withholding Relevant, Discoverable Information, Documents, Criminally Obstructing & Oppressing Discovery & Summary Judgment"**

In Hill's January 5, 2006 motion to levy sanctions, Hill objects to the defendants' Responses and Objections to Plaintiff's requests for admissions. Unfortunately Hill uses this filing to repeatedly disparage the defendants' counsel. As we have already noted we agree with defendants that whether or not the teenagers possessed valid library cards on July 21, 2003 is not relevant to whether Hill lost his library privileges in an unconstitutional manner.

On January 6, 2006, Hill filed with the court a motion to compel the production of documents or declare default judgment for defense counsel misconduct. In that motion Hill continues to seek documents related to the

8

conduct of the teenagers that were involved in the July 21, 2003 incident with Hill. As we have already noted, this information is not relevant to whether Hill lost his library privileges without due process of law. Then on January 9, 2006, after the passage of a weekend, Hill renewed his arguments as to why he should be entitled to information regarding the teenagers library card and computer usage agreements in yet another filing. In this filing he also requests in the alternative that we recuse ourselves because of alleged bias.[2] We decline the offer.

Hill's conduct is unacceptable and he is hereby warned that if he continues to use the court to pejoratively attack defendants, defense counsel, or the court we may impose sanctions pursuant to Local Rules 37.1 and 83.3, which may include dismissal of his action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Hill's November 28, 2005 motion for summary judgment (Rec. Doc. No. 25), December 6, 2005 motion to compel discovery (Rec. Doc. No. 26), December 6, 2005 request for default judgment (Rec. Doc. No. 27), December 8, 2005 motion for default judgment (Rec. Doc. No. 28), December 14, 2005 motion for

---

[2]On January 9, 2006, Hill also filed a motion to join new defendants in this action. (Rec. Doc. No. 39.) We remind Hill of his obligation to file a brief in support of this motion.

reconsideration (Rec. Doc. No. 31), December 16, 2005 motion to compel (Rec. Doc. No. 33), and December 27, 2005 motion for sanctions (Rec. Doc. No. 35) are deemed withdrawn for failure to file a brief in support pursuant to M.D. Pa. Local Rule 7.5.  We note that in the background to this order we have also addressed why Hill would lose the withdrawn motions on the merits.

    2.  Hill's January 5, 2006 (Rec. Doc. No. 36), January 6, 2006 (Rec. Doc. No. 37), and January 9, 2006 (Rec. Doc. No. 38) motions relating to discovery requests are denied as they seek information that is irrelevant to whether Hill lost his library privileges in violation of the constitution.

    3.  Hill is put on notice that further use of pejorative terms to describe defendants, defense counsel, the court, or employees of the court in his filings shall subject him to possible sanctions pursuant to Local Rules 37.1 and 83.3, sanctions which may include dismissal of his action.

    4.  Defendants' motion to strike (Rec. Doc. No. 29), is deemed moot in light of this order.

                                                 s/ James F. McClure, Jr.
                                                  James F. McClure, Jr.
                                                  United States District Judge