IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. HILL, | : |
| | : Case No. 4:05-CV-1229 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| EVELYN DERRICK, | : |
| RICHARD SUTTON, | : (Judge McClure) |
| JANE STUGART-OTTERBEIN, | : |
| and LORI CRESSMAN, | : |
| | : |
| Defendants. | : |

**O R D E R**

May 30, 2006

**BACKGROUND:**

On June 20, 2005, plaintiff Jeffrey D. Hill commenced the instant litigation by filing a pro se complaint in the Middle District of Pennsylvania. The complaint arises out of plaintiff's banishment from the Muncy Public Library. On November 3, 2005, we granted defendants' motion to dismiss in part, but allowed plaintiff's section 1983 claims, liberally construed as alleging violations of the First and Fourteenth Amendments, to remain against defendants Derrick and Cressman. (Rec. Doc. No. 20.)

On January 9, 2006, Hill filed a motion for joinder of the Muncy Public

1

Library Board of Trustees and the Muncy Borough Council as defendants. (Rec. Doc. No. 39.) Hill did not file a brief in support. On March 9, 2006 we deemed Hill's motion for joinder withdrawn for failure to file a brief in support.

On March 13, 2006 Hill filed a resubmitted motion for joinder and filed a brief in support. On April 18, 2006, Hill filed a motion for the judge to inspect the Muncy Public Library. Finally, on April 27, 2006, Hill filed a motion to compel certain discovery responses by the defendant. For the following reasons we will deny these three motions filed by Hill.[1]

**DISCUSSION:**

### I. HILL'S MARCH 13, 2006 MOTION TO ENJOIN [sic.] MUNCY PUBLIC LIBRARY BOARD OF TRUSTEES & MUNCY BOROUGH COUNCIL AS DEFENDANTS

On March 13, 2006, Hill resubmitted his motion to enjoin [sic.] the Muncy Public Library Board of Trustees and the Muncy Borough Council as defendants. He filed a contemporaneous brief in support. Defendants filed a brief in opposition on March 23, 2006. In his brief in support Hill alleges that the Board either acted negligently in backing Derrick or granted their tacit consent to expel Hill from

---

[1] Currently before the court, but not the subject of this order, are the parties' opposing motions for summary judgment and plaintiff's May 5, 2006 motion to strike defendants' statement of facts and summary judgment brief.

2

library.  Hill does not allege the personal involvement of any of the Board members with respect to the violation of his civil rights.[2]  Hill similarly alleges that the Muncy Borough Council tacitly consented in Hill's banishment from the Library.  Hill also conclusorily asserts that the Borough has had a twenty year policy of violating his civil rights.

We will not allow Hill leave to amend his complaint to add the Muncy Public Library Board of Trustees and the Muncy Borough Council.  Hill has failed to state claims for relief against these defendants.  Hill has not alleged personal involvement on the part of any Board members in violating his civil rights, a requisite for his claim against them to be actionable.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).  Hill's claims against the Borough are similarly not actionable because Hill's assertion that there has been a history of violating his rights is only a conclusory allegation.  Therefore, Hill's motion to enjoin, which we construe as a motion for leave for joinder of additional defendants under Federal Rule of Civil Procedure 15, is denied, as justice does not require leave under these new allegations.

---

[2] We agree with defendants that is difficult to determine whether Hill is seeking to add the Board members in their individual capacity or the Board as an entity.

## II. HILL'S APRIL 18, 2006 MOTION FOR
## THE JUDGE TO INSPECT THE MUNCY PUBLIC LIBRARY

On April 18, 2006, Hill filed a motion for the judge to inspect the Muncy Public Library "visually and acoustically."[3] Hill has cited no law in support of his motion for the court's inspection of the library. Defendants, by not filing a brief in opposition, are deemed not to oppose the motion. Local Rule 7.6. Hill states in his brief in support:

> It is important for the finder of fact . . . to be familiar with the size of the big room + the distances between the check out desk + the computer area as well as between the computer area + the computer area waiting area . . . .
>
> It is important for the finder of fact . . . to be familiar with the acoustics of the big room from the computer area to the librarians' personal/private space upstairs behind the check-out desk + the half-wall.

(Rec. Doc. No. 65, at 1.) Hill's brief suggests that this information is important because it will better expose defendants' negligence and dereliction of duty in allowing teenagers to bounce a basketball inside the upstairs and downstairs of the library. We must remind Hill that in our November 3, 2005 order granting defendants' motion to dismiss in part we only allowed Hill to proceed on his

---

[3] On a separate section of the same document Hill provided a "Brief in Support." (Rec. Doc. No. 65.)

section 1983 claim alleging deprivation of his First Amendment right to assemble and Fourteenth Amendment right to procedural due process against defendants Derrick and Cressman. (Rec. Doc. No. 20, at 7-8.) As we have noted in previous orders related to this case, the issue before us is whether Hill lost his library privileges in violation of the United States Constitution. To repeat language from our January 10, 2006 order: "[w]hether the defendants properly handled the conduct of other patrons is not relevant to whether Hill lost his library privileges without due process." (Rec. Doc. No. 40, at 8.)

Hill has cited no law in support of his motion for the court to inspect the library. It is within our discretion to view evidence outside the courtroom. See American Glycerin Co. v. Eason Oil Co., 98 F.2d 479, 487 (10th Cir. 1938) (holding it is within district court's sound discretion to allow the inspection of heavy, unwieldy or other demonstrative evidence outside courtroom). However, we find no need at this stage for an inspection of the library. As we have already noted we fail to see how this evidence could further Hill's case. Finally, Hill could have submitted demonstrative evidence in the form of photos or videos of the library for the court's review as is typical practice.[4] Therefore we will deny Hill's motion for

---

[4] We recognize Hill is currently banned from the library, but he could have requested photos from the defendants during discovery or employed an

inspection of the Muncy Public Library.

### III. HILL'S APRIL 27, 2006 MOTION TO COMPEL

On April 27, 2006, Hill filed a motion to compel discovery and to levy sanctions.[5] The motion arises out of Hill's request for admissions dated March 27, 2006. This request was four days before the March 31, 2006 discovery deadline. This was Hill's fourth request for admissions. Hill's request included fourteen admissions. Hill's first three requests for admissions included a total of twenty-six admissions. On May 12, 2006, defendants filed a brief in opposition to the motion arguing that Hill exceeded the number of admissions allowed under Local Rule 36.1 and noting that the case management plan did not provide any special discovery limits. Defendants also noted that Hill did not confer with opposing counsel in seeking more than the limit of twenty-five admissions, never sought leave to submit additional requests and the discovery deadline expired prior to Hill's filing his motion to compel. Finally, defendants argue that sanctions are inappropriate as to them and reiterate that Hill failed to consult with defense counsel pursuant to Local Rule 26.3 prior to his filing of the instant motion to compel.

---

investigator.

[5] On a separate section of the same document Hill provided an "Affidavit/Brief in Support." (Rec. Doc. No. 68.)

We agree with the defendants that Hill's motion should be denied. Hill has repeatedly resorted to filing motions to compel with the court without attempting to resolve the discovery issue with opposing counsel. Hill's fourth request for admissions exceed the twenty-five admissions he is allowed under the Local Rules. Hill could have sought leave for admissions and an extension of the discovery deadline if he felt it necessary. As we have previously noted, we recognize that Hill is proceeding <u>pro</u> <u>se</u>, but also know that he is a regular litigant in the courts of this district and has demonstrated a familiarity with the Local Rules and the Federal Rules of Civil Procedure. Finally, we must note that Hill's intentions in filing this motion to compel are unclear to us, as the motion was filed well after the close of discovery and the admissions he sought were filed weeks after Hill had already filed his March 3, 2006 motion for summary judgment. For all of these reasons Hill's April 27, 2006 motion to compel discovery and levy sanctions will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Hill's motion to enjoin [sic] the Muncy Public Library Board of Trustees and the Muncy Borough Council, construed as a motion for leave to file an amended complaint adding additional defendants, is denied. (Rec. Doc. No. 54.)

2. Hill's motion for the judge to inspect the Muncy Public Library visually

and acoustically is denied.  (Rec. Doc. No. 65.)

      3.  Hill's motion to compel discovery and to levy sanctions is denied.  (Rec. Doc. No. 68.)

                                                       s/ James F. McClure, Jr.
                                                   James F. McClure, Jr.
                                                   United States District Judge